IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CRIMINAL ACTION NO. 2:07CR10

WILBER CARDONA RIOS,

        Defendant.

ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN

On the 19th day of March 2007, came the United States by Stephen Warner, its Assistant United States Attorney, and also came the defendant, Wilber Cardona Rios, in person and by his counsel, L. Richard Walker, for hearing on the oral motion of the United States to detain the defendant pending further proceedings. Also in attendance was Johnny Benningfield, Certified Court Interpreter. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of I.C.E. Special Agent Angela Veranda; and upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer William C. Bechtold, Jr.

### A. Contentions

The government contends this case is eligible for detention because it involves a serious risk Defendant will flee. The government argues the court should detain Defendant because there are no conditions of release which would reasonably assure Defendant's appearance as required. The government has not asserted a rebuttable presumption.

Defendant contends he does not present a risk of flight, and there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required.

## B. The Standards

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in United States v. Williams, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

### C.  Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds by clear and convincing evidence that:

1. Defendant was convicted of 20 non-violent felony offenses in Virginia in or about July 2001.

2. Subsequent to his conviction, Defendant was deported from the United States.

3. At some point in time Defendant returned to the United States without permission.

4. Defendant was in the process of obtaining a West Virginia ID card and/or driver's license at the time of his arrest in West Virginia on State fraud charges.

5. Defendant signed an application for the ID card using an address where he did not live. In fact, Defendant did not live in West Virginia at the time.

6. Defendant did give truthful information to the Immigrations agent who interviewed him by telephone, as to his true name, birth date, and immigration status.

7. Defendant has no family ties in the Northern District of West Virginia.

8. Defendant has no verifiable connection with the Northern District of West Virginia.

9. Defendant was willing to use someone to go the DMV and vouch that an address where he did not actually live was his in order to get a West Virginia ID and/or license.

10. The charges against Defendant are serious, and the weight of the evidence is strong.

11. Other information provided to the Court by proffer is not supported or verified – e.g., Defendant's employment; residence; others with whom he would live if released; feasability of home confinement/electronic monitoring; possibility of individual in U.S. legally acting as third-party custodian, etc.

The Court concludes there is clear and convincing evidence at this time that Defendant presents a serious risk of flight if released. The Court further concludes that there is clear and convincing evidence at this time that Defendant does not present a danger to the community if released. The Court further concludes there is no condition or combination of conditions which will reasonably assure Defendant's appearance as required if released. The government's Motion to Detain is therefore **GRANTED**. Defendant may raise the issue of detention in a motion for reconsideration based on evidence he may be able to provide to the Court regarding, among others, the issues discussed in paragraph 9, above.

It is therefore **ORDERED THAT**:

Defendant be detained in the custody of the United States Marshal pending further information submitted to the Court as well as further proceedings by the Court.

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 20th day of March, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE