IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CRIMINAL ACTION NO. 2:07CR10

WILBER CARDONA RIOS,

        Defendant.

## ORDER/OPINION GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

It shall be recalled that on the 19th day of March 2007, came the United States by Stephen Warner, its Assistant United States Attorney, and also came the defendant, Wilber Cardona Rios, in person and by his counsel, L. Richard Walker, for hearing on the oral motion of the United States to detain the defendant pending further proceedings. Also in attendance was Johnny Benningfield, Certified Court Interpreter. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of I.C.E. Special Agent Angela Veranda; and upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer William C. Bechtold, Jr. The government contended this case is eligible for detention because it involves a serious risk Defendant will flee. The government argued the court should detain Defendant because there were no conditions of release which would reasonably assure Defendant's appearance as required. The government did not assert a rebuttable presumption and did not allege that Defendant was a danger to the community if released.. Defendant contended he did not present a risk of flight, and that there were conditions of release the Court could impose that would reasonably assure Defendant's appearance as required.

During that hearing, the Court found that much information provided by Defendant to the Court by proffer was not supported or verified – e.g., Defendant's employment; residence; others with whom he would live if released; feasability of home confinement/electronic monitoring; possibility of individual in U.S. legally acting as third-party custodian, etc. The Court therefore concluded there was clear and convincing evidence at the time that Defendant presented a serious risk of flight if released. The Court further concluded that there was clear and convincing evidence at the time that Defendant did not present a danger to the community if released. The Court further concluded there was no condition or combination of conditions which will reasonably assure Defendant's appearance as required if released. The government's Motion to Detain was therefore **GRANTED**. The Court, however, allowed for Defendant to raise again the issue of detention in a motion for reconsideration based on new evidence and/or information he may be able to provide to the Court.

On May 25, 2007, Defendant, through counsel, filed a "Motion for Reconsideration and to Re-Open Detention Hearing" [Docket Entry 16]. The Court DENIED the Motion for Reconsideration at that time, but GRANTED the Motion to Re-Open the Detention Hearing.

The Court held a subsequent Detention Hearing on June 12, 2007. Present at the hearing were the Assistant United States Attorney, Stephen D. Warner, and Defendant, in person and by his counsel L. Richard Walker. Also present was Johnnie Benningfield, a Certified Court Interpreter, who was sworn.

The Court then proceeded to hear the sworn testimony of Defendant's witnesses Santos G. Avila Ruiz, Jose Nahu Matamoros Rios, Jose Aldolfo Riviera Rios, Geyne Volanda Rios, and Aida Cicelia Perez Silva.

Upon consideration of all which, and for reasons stated on the record of the hearing, the Court finds by a preponderance of the evidence that, subject to a determination by the United States Pretrial Services Officer that the residence of Santos Avila Ruiz is a suitable place for Defendant to reside pending further proceedings in this matter, there are conditions or a combination of conditions which will reasonably assure Defendant's appearance as required if released.

The Court therefore directed Defendant's Adult Pretrial Services Officer to determine whether Santos Avila Ruiz's residence is a suitable place for Defendant to reside pending further proceedings and whether Santos Avila Ruiz is a suitable third-party custodian.

It is therefore **ORDERED** that:

Subject to said inspection and approval by Defendant's Adult Pretrial Services Officer of Defendant's proposed residence and third-party custodian, Defendant be released on conditions set by order of this Court.

The oral Motion of the United States to stay the execution of this Order and the release of Defendant pending appeal of this matter is **DENIED** as the same is not mandated under section 3145.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 13th day of June, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE